**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:15-cv-1865-JRG-RSP |
| | § | |
| THE HAIN CELESTIAL GROUP, | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| Defendant, | § | |
| | § | |

## THE HAIN CELESTIAL GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant The Hain Celestial Group ("Hain Celestial" or "Defendant") hereby files this Answer to the Complaint for Patent Infringement of Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") (Dkt. 1), and asserts defenses and counterclaims as set forth below. Hain Celestial denies all allegations in the Complaint unless specifically admitted herein.

## PARTIES AND JURISDICTION

1.      Paragraph 1 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  Hain Celestial admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, but denies any liability thereunder and denies that Plaintiff is entitled to any of the relief it seeks.

2.      Hain Celestial admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States.  Hain Celestial admits that this Court has jurisdiction over claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Hain Celestial denies that Plaintiff has stated such a claim.

3.      The allegations of paragraph 3 are not directed to Hain Celestial, and therefore no answer is required.  To the extent a response is deemed necessary, Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Hain Celestial admits that it is a corporation organized and existing under the laws of Delaware, with a place of business at 1111 Marcus Ave., New Hyde Park, NY, 11042.

5.      Hain Celestial does not contest personal jurisdiction in this District solely for the purpose of this action.  Hain Celestial denies that it has committed any acts of infringement within the State of Texas, or any other District.  Hain Celestial admits that it has conducted business in the state of Texas.  Whether Hain Celestial has engaged in continuous and systematic

activities in the state of Texas is a legal conclusion to which no response is required.  Hain Celestial denies the remaining allegations of paragraph 5.

6.      Hain Celestial admits that it sells products in the Eastern District of Texas.  Hain Celestial denies the remaining allegations of paragraph 6.

## VENUE

7.      Hain Celestial does not contest that venue is proper in the Eastern District of Texas for purposes of this action, but denies that venue in this judicial district is convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Hain Celestial denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8.      Hain Celestial's response to paragraph 8 of Plaintiff's Complaint incorporates by reference Hain Celestial's responses to the allegations of paragraphs 1-7 above.

9.      Hain Celestial admits that the Complaint purports to state a cause of action under the patent laws of the United States, and, in particular, under 35 U.S.C. §§ 271, et seq.  Hain Celestial denies that the Complaint states a claim upon which relief can be granted.

10.      Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11.      Hain Celestial admits that what purports to be a copy of U.S. Patent No. 8,424,752 (the "'752 Patent"), titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," was attached to Plaintiff's Complaint as Exhibit A.

12.      Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.      Hain Celestial denies the allegations of paragraph 13.

14.     Hain Celestial admits that QR codes are or were contained on the packaging of certain products of Hain Celestial.  Hain Celestial denies the remaining allegations of paragraph 14.

15.     Hain Celestial denies the allegations of paragraph 15.

16.     Hain Celestial denies the allegations of paragraph 16.

17.     Paragraph 17 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

<u>COUNT II</u>
<u>(INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)</u>

18.     Hain Celestial's response to paragraph 18 of Plaintiff's Complaint incorporates by reference Hain Celestial's responses to the allegations of paragraphs 1-17 above.

19.     Hain Celestial admits that the Complaint purports to state a cause of action under the patent laws of the United States, and, in particular, under 35 U.S.C. §§ 271, et seq.  Hain Celestial denies that the Complaint states a claim upon which relief can be granted.

20.     Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Hain Celestial admits that what purports to be a copy of U.S. Patent No. 8,651,369 (the "'369 Patent"), titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," was attached to Plaintiff's Complaint as Exhibit B.

22.     Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.     Hain Celestial denies the allegations of paragraph 23.

24.     Hain Celestial admits that QR codes are or were contained on the packaging of certain products of Hain Celestial.  Hain Celestial denies the remaining allegations of paragraph 24.

25.     Hain Celestial denies the allegations of paragraph 25.

26.     Hain Celestial denies the allegations of paragraph 26.

27.     Paragraph 27 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

### COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

28.     Hain Celestial's response to paragraph 28 of Plaintiff's Complaint incorporates by reference Hain Celestial's responses to the allegations of paragraphs 1-27 above.

29.     Hain Celestial admits that the Complaint purports to state a cause of action under the patent laws of the United States, and, in particular, under 35 U.S.C. §§ 271, et seq.  Hain Celestial denies that the Complaint states a claim upon which relief can be granted.

30.     Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31.     Hain Celestial admits that what purports to be a copy of U.S. Patent No. 8,936,190 (the "'190 Patent"), titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," was attached to Plaintiff's Complaint as Exhibit C.

32.     Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     Hain Celestial denies the allegations of paragraph 33.

34.     Hain Celestial admits that QR codes are or were contained on the packaging of certain products of Hain Celestial.  Hain Celestial denies the remaining allegations of paragraph 34.

35.     Hain Celestial denies the allegations of paragraph 35.

36.     Hain Celestial denies the allegations of paragraph 36.

37.     Paragraph 37 of Plaintiff's Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Hain Celestial lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

## PRAYER FOR RELIEF

38.     Paragraph 38 sets forth the statement of relief requested by Plaintiff, to which no response is required.  Hain Celestial denies that Plaintiff is entitled to any of the requested relief and denies any allegations set forth therein.

## DEFENSES

Hain Celestial alleges and asserts the following defenses in response to the allegations contained in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST DEFENSE

### (Failure to State a Claim)

1.       Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (No Patent Infringement)

2.       Hain Celestial does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of the '752 Patent.

3.       Hain Celestial does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of the '369 Patent.

4.       Hain Celestial does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of the '190 Patent.

### THIRD DEFENSE

### (Patent Invalidity)

5.       The '752 Patent is invalid and/or unenforceable under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

6.     The '369 Patent is invalid and/or unenforceable under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

7.     The '190 Patent is invalid and/or unenforceable under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

8.     Plaintiff is estopped from asserting its claims for patent infringement against Hain Celestial under the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

### (Estoppel, Acquiescence, Waiver, Unclean Hands, and Laches)

9.     Plaintiff's claims are barred, in whole or in part by the doctrines of estoppel, acquiescence, waiver, unclean hands, and laches.

## SIXTH DEFENSE

### (Limitation on Patent Damages)

10.    Plaintiff's claim for damages, if any, against Hain Celestial for alleged infringement of the '752 Patent is limited by 35 U.S.C. § 286.

11.    Plaintiff's claim for damages, if any, against Hain Celestial for alleged infringement of the '369 Patent is limited by 35 U.S.C. § 286.

12.    Plaintiff's claim for damages, if any, against Hain Celestial for alleged infringement of the '190 Patent is limited by 35 U.S.C. § 286.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Hain Celestial, for its Counterclaims against Symbology, avers and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action seeking declaratory judgments of invalidity and non-infringement of U.S. Patent No. 8,424,752 (the "'752 Patent").

2.     This is an action seeking declaratory judgments of invalidity and non-infringement of U.S. Patent No. 8,651,369 (the "'369 Patent").

3.     This is an action seeking declaratory judgments of invalidity and non-infringement of U.S. Patent No. 8,9367,190 (the "'190 Patent").

4.     This action arises under the patent laws of the United States, §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.     Counter-claimant The Hain Celestial Group, Inc., ("Hain Celestial"), is a Delaware corporation with a principal place of business at 1111 Marcus Ave., New Hyde Park, New York, 11042.

6.     On information and belief, Counterclaim Defendant Symbology Innovations, LLC is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

8.      An immediate, real, and justiciable controversy has arisen and now exists between Hain Celestial and Symbology as to whether the '752, '369, and '190 Patents are invalid and have not been infringed.

9.      This Court has personal jurisdiction over Symbology on the bases that Symbology's  principal place of business is in Texas, and that Symbology has submitted itself to the Court's jurisdiction by filing its Complaint in this Court.  The exercise of jurisdiction over Symbology would be reasonable.

10.      Symbology has chosen this venue to enforce the '752, '369, and '190 Patents. While Hain Celestial contends that this is an inconvenient venue for Symbology's claims, to the extent those claims are maintained in this venue, then, pursuant to 28 U.S.C. §§ 1391 and 1400(b), this venue is proper for Hain Celestial's counterclaims against Symbology.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of U.S. Patent Nos. 8,424,752, 8,651,369, and 8,936,190)**

11.      Hain Celestial re-alleges and incorporates by reference the allegations of paragraphs 1-10 of these Counterclaims above as though fully set forth herein.

12.      Symbology has asserted claims against Hain Celestial for alleged infringement of the '752, '369, and '190 Patents.

13.     Hain Celestial does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '752, '369, and '190 Patents, either literally or under the doctrine of equivalents.

14.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Hain Celestial and Symbology concerning the non-infringement of the '752, '369, and '190 Patents.

15.     Hain Celestial is entitled to a declaratory judgment that Hain Celestial does not infringe and has not infringed any valid and enforceable claim of the '752, '369, and '190 Patents, directly or indirectly, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent Nos. 8,424,752, 8,651,369, and 8,936,190)

16.     Hain Celestial re-alleges and incorporates by reference the allegations of paragraphs 1-15 of these Counterclaims above as though fully set forth herein.

17.     In its Complaint, Symbology contends that the '752, '369, and '190 Patents are valid and have created a substantial, immediate, and real controversy between the parties as to the invalidity of the patent.

18.     Each claim of the '752, '369, and '190 Patents fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

19.     Each claim of the '752, '369, and '190 Patents is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of

ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103.  The claims of the '752, '369, and '190 Patents are also invalid for lack of enablement, insufficient written description, and/or indefiniteness as required by 35 U.S.C. § 112.  The claims of the '752, '369, and '190 Patents are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '752, '369, and '190 Patents.

20.     Each claim of the '752, '369, and '190 Patents is also invalid for failing to recite patentable subject matter under 35 U.S.C. § 101.

21.     Hain Celestial is entitled to a declaratory judgment that each and every claim of the '752, '369, and '190 Patents is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of non-statutory double patenting.

## EXCEPTIONAL CASE

22.     On information and belief, this is an exceptional case entitling Hain Celestial to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Symbology's assertion of the '752, '369, and '190 Patents against Hain Celestial with the knowledge that Hain Celestial does not infringe any valid or enforceable claim of the '752, '369, and '190 Patents; and/or that the asserted claims of the '752, '369, and '190 Patents are invalid and/or unenforceable.

## REQUEST FOR RELIEF

23.     Hain Celestial requests that the Court enter judgment in Hain Celestial's favor and grant relief as follows:

a) a dismissal of all claims in Symbology's Complaint against Hain Celestial with prejudice and a complete denial of Symbology's requests for damages, costs, attorney fees, and any other form of relief;

b) judgment be entered declaring that Hain Celestial does not infringe and has not infringed any valid and enforceable claim of the '752, '369, and '190 Patents under any subsection of 35 U.S.C. § 271;

c) judgment be entered declaring that the claims of the '752, '369, and '190 Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and 112, or unenforceable;

d) an award to Hain Celestial of its reasonable attorneys' fees, costs, and all interest, including without limitation any attorney awards based upon 35 U.S.C. § 285; and

e) any such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

24.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hain Celestial demands a trial by jury on all issues triable by jury.

Dated: March 15, 2016

Respectfully submitted,

*/s/ Timothy S. Durst*

Timothy S. Durst
Lead Attorney
Texas Bar No. 00786924
tim.durst@bakerbotts.com
Ross G. Culpepper
Texas Bar No. 24069559
ross.culpepper@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: 214-953-6500
Facsimile: 214-953-6503

**ATTORNEYS FOR DEFENDANT
THE HAIN CELESTIAL GROUP,
INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 15, 2016.

*/s/ Ross G. Culpepper*
Ross G. Culpepper